

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00340-CV

**TRIAD INDUSTRIES, INC.,**
**AND DAVID C. BURT,**

                                                                 **Appellants**

 **v.**

**CLEAR WATER, INC., LUCI A. DISHON**
**AND TERRY L. DISHON,**

                                                                 **Appellees**

From the 413th District Court
Johnson County, Texas
Trial Court No. C201300452

## MEMORANDUM OPINION

The notice of appeal in this case states that Appellants Triad Industries, Inc., and David C. Burt appeal from "the trial court's Order Granting Plaintiffs' No Evidence Motion for Summary Judgment Against Defendants Triad Industries, Inc. and David Burt" and from "the trial court's Order Granting Plaintiff's Traditional Motion for Summary Judgment Against Defendants Triad Industries, Inc. and David Burt." The former order was signed on June 27, 2018. The latter order indicates that it was signed

on December 27, 2017; however, the notice of appeal states that the date is erroneous and that the latter order was also signed on June 27, 2018.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal, we must dismiss the appeal. *See* TEX. R. APP. P. 25.1(b). A notice of appeal must be filed within ninety days after the judgment is signed if any party timely files a motion for new trial. *Id.* R. 26.1(a). On July 27, 2018, Appellants filed a motion for new trial and motion to reconsider the trial court's orders. Appellants' notice of appeal was therefore due by September 25, 2018. *See id.* Appellants filed their notice of appeal with the trial court clerk on November 2, 2018.

Appellants' notice of appeal states, however, that they do not believe that the orders from which they appeal are final judgments because the orders "did not dispose of all parties and claims or include language indicating finality."[1] But, even if the orders from which Appellants appeal are not final judgments, we still lack jurisdiction of this appeal. *See id.* R. 26.1; *Robertson v. Beadles, Newman & Lawler, P.C.*, No. 2-08-382-CV, 2009 WL 51034, at *1 (Tex. App.—Fort Worth Jan. 8, 2009, no pet.) (per curiam) (mem. op.). This Court has no jurisdiction to hear an appeal from a judgment that is not final, unless there is specific statutory authority permitting an appeal before final judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (West 2015).

---

[1] The clerk's record shows that the trial court clerk gave notice to Appellants on June 27, 2018 "[i]n accordance with the provisions of the Texas Rules of Civil Procedure, Rule 239(a) and/or Rule 306(a)(3)" that "a judgment disposing of this case or an appealable judgment was signed on the **27TH DAY OF JUNE, 2018**." However, the clerk's record also includes a "proposed Final Judgment" that Appellees filed on July 6, 2018 and that Appellees requested that the trial court sign. The clerk's record does not include a signed copy of the "Final Judgment."

On December 5, 2018, the Clerk of this Court notified the parties that this appeal was subject to dismissal for want of jurisdiction. The letter stated that the Court may dismiss the appeal unless, within ten days from the date of the letter, a response was filed showing grounds for continuing the appeal.

The trial court clerk subsequently filed a supplemental clerk's record, which includes an order signed by the trial court on December 6, 2018. The order states that after considering Appellants' motion for new trial and motion to reconsider, the trial court "agrees with the parties that no final judgment was issued in this suit." The order then vacates the orders from which Appellants appeal and denies the Appellees' no-evidence and traditional motions for summary judgment.

Appellants have also filed a "Motion to Dismiss Cause," requesting that we dismiss this appeal without prejudice. Appellants state that the trial court "has correctly ruled that a final judgment has not been entered in this matter, and accordingly, this appeal is not necessary at this time and the appellate court does not have jurisdiction."

We need not determine whether Appellants filed their notice of appeal too late or too soon. As explained above, either way, this appeal must be dismissed for want of jurisdiction. Accordingly, we dismiss this appeal. Appellants' "Motion to Dismiss Cause" is also dismissed.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal dismissed
Opinion delivered and filed January 2, 2019
[CV06]

